# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILEBERTO VALTIERRA,<br><br>            Petitioner,<br><br>    v.<br><br>B. BAILY,<br><br>            Respondent. | Case No. 1:25-cv-00965-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS, DISMISS UNEXHAUSTED CLAIM, AND ALLOW PETITIONER TO PROCEED WITH EXHAUSTED CLAIMS<br><br>(ECF No. 18) |

Petitioner Hileberto Valtierra is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends denying Respondent's motion to dismiss, dismissing unexhausted Ground Thirteen, and allowing Petitioner to proceed with his exhausted claims.

**I.**

**BACKGROUND**

On August 5, 2025, Petitioner filed a petition for writ of habeas corpus raising fourteen grounds for relief. (ECF No. 1.) On October 15, 2025, Respondent filed a motion to dismiss the petition because Petitioner failed to exhaust Ground Thirteen. (ECF No. 18.) On October 27, 2025, Petitioner filed an opposition, requesting the Court to "allow Petitioner to strike ground thirteen from his federal petition in order to continue forward with his other thirteen fully exhausted claims." (ECF No. 19 at 1.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner raises fourteen grounds for relief. Respondent asserts that Petitioner has failed to exhaust Ground Thirteen. (ECF No. 18 at 2–3.) Petitioner does not dispute that Ground Thirteen is unexhausted. (ECF No. 19.)

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.")[2]

As noted above, Petitioner has elected to strike unexhausted Ground Thirteen and go forward with the remaining exhausted claims for relief. (ECF No. 19.) As Petitioner has presented the Court with a mixed petition and has elected not to stay the case, the Court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal

---

[2] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

relief." Rhines v. Weber, 544 U.S. 269, 278 (2005). Accord Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017).

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1.  Respondent's motion to dismiss (ECF No. 18) be DENIED;

2.  Ground Thirteen be DISMISSED as unexhausted; and

3.  Petitioner be allowed to proceed with his exhausted claims.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 27, 2026**            /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

3