# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILEBERTO VALTIERRA,<br><br>Petitioner,<br><br>v.<br><br>B. BAILY,<br><br>Respondent. | Case No. 1:25-cv-00965-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DENYING PETITIONER'S MOTION FOR EXTENSIONS OF TIME AS MOOT<br><br>(ECF Nos. 31, 32) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based on abstention principles, the undersigned recommends dismissing the petition without prejudice.

**I.**

**BACKGROUND**

In September 2020, Petitioner was convicted after a jury trial in the Fresno County Superior Court of murder, attempted murder, and three counts of assault with a firearm. The jury also found true various enhancements. Petitioner was sentenced to imprisonment terms of forty-five years to life for the murder, thirty years to life for the attempted murder, and twenty-five years to life on each of the assault counts, plus thirty years to life on the enhancement. (ECF No. 13-1.)

On August 5, 2025, Petitioner filed a petition for writ of habeas corpus raising fourteen grounds for relief. (ECF No. 1.) On October 15, 2025, Respondent filed a motion to dismiss the

petition because Petitioner failed to exhaust Ground Thirteen. (ECF No. 18.) On February 23, 2026, the Court denied Respondent's motion to dismiss, dismissed the unexhausted claim, and allowed Petitioner to proceed with the exhausted claims. (ECF No. 21.) On April 23, 2026, Respondent filed an answer to the petition. (ECF No. 23.)

On February 24, 2026, the Fresno County Superior Court granted Petitioner's petition for writ of habeas corpus on the ground that he is entitled to resentencing under Senate Bill 567. (ECF No. 30 at 4; ECF No. 36-1.) Petitioner's resentencing is pending, with a status hearing set for December 11, 2026. (ECF No. 35 at 1; ECF Nos. 36-2, 36-3.)

## II.

## DISCUSSION

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). "In Younger, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing Younger, 401 U.S. at 45). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

The question of whether a federal court should abstain from exercising jurisdiction over a habeas petition challenging a conviction when there is no final decision regarding the sentence has been addressed in Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), and Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998). In Phillips, it had been fifteen years since Phillips "was convicted of murder and first sentenced to death, and ten years since the state supreme court affirmed his conviction and vacated his sentence." 56 F.3d at 1032. Phillips was resentenced to death and there was "no end in sight" or "indication that Phillips' appeal from his [re]sentence [would] be decided anytime in the near future." Id. at 1038, 1032. The Ninth Circuit held that

"[i]n light of the extraordinary delay . . . Phillips may bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state has not yet made a final ruling on his sentence." Id. at 1033. In Edelbacher, the Ninth Circuit held that "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." 160 F.3d at 582–83. In so holding, the Ninth Circuit emphasized the "narrow holding in Phillips," and found Phillips distinguishable "in several material respects":

> (1) a retrial of the penalty phase in state court is ongoing; (2) there is no assignment of the necessary capital or non-capital status in this case; (3) there are no "unusual circumstances" which might suggest that "no end is in sight" to the state court proceedings and (4) the delay in question is not attributable to an "ineffective" state process, but primarily to the extended proceedings relating to the guilt issue.

Edelbacher, 160 F.3d at 584.

Here, the Court finds that the instant matter is more akin to Edelbacher than Phillips. Petitioner's resentencing is pending, there are no unusual circumstances suggesting "no end is in sight" to the state court proceedings, and there has not been any extraordinary delay in the state court proceedings attributable to an ineffective state process. Accordingly, "we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher, 160 F.3d at 583. See Washington v. Shirley, No. 1:21-cv-01504-JLT-SAB, 2022 WL 721669, at *1 (E.D. Cal. Feb. 4, 2022) (finding Younger abstention warranted where petitioner was awaiting a remand hearing in superior court), report and recommendation adopted, 2022 WL 1017894 (E.D. Cal. Apr. 5, 2022); Suares v. Johnson, No. CV 19-10555 MWF (PVC), 2020 WL 5665664, at *6 (C.D. Cal. June 11, 2020) (collecting cases), report and recommendation adopted, 2020 WL 5658713 (C.D. Cal. Sept. 22, 2020). As Petitioner has an ongoing resentencing in state court, the instant federal habeas petition is premature and should be dismissed without prejudice.[1]

[1] Dismissal should not prejudice Petitioner because "when a defendant is resentenced, he has received a new judgment that renders a new, numerically second petition 'not "second or successive"' because it is the first petition challenging the new judgment." Smith v. Williams, 871 F.3d 684, 687 (9th Cir. 2017) (quoting Magwood v. Patterson, 561 U.S. 320, 341–42 (2010)). See also Clayton v. Biter, 868 F.3d 840, 843–44 (9th Cir. 2017) ("Shortly after *Magwood*, we clarified in *Wentzell* that a habeas petition that

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

Further, Petitioner's motions for extensions of time (ECF Nos. 31, 32) are DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 24, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012))). "*Magwood* compels the conclusion that the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated," and the Ninth Circuit has rejected the "argument that the statute of limitations runs from the *original* judgment rather than the new judgment." Smith, 871 F.3d at 687.